PER CURIAM.
Granted. It appears from the transcript of the hearing conducted on December 15, 2003, on the rule to show cause issued by the Hon. Leon L. Emanuel, that the Caddo Parish Indigent Defender’s Office, through its chief counsel, Alan Golden, was not prepared to go forward with its legal and factual objections to the rule adopted by Judge Emanuel for Section I of the Criminal Courts in Caddo Parish on December 3, 2003. The office had previously filed a motion to recuse Judge Emanuel, which had been referred to another section of the court, and took the position at the hearing conducted on the rule to show cause that the recusal issue needed to be resolved first before the merits of the rule proposed by Judge Emanuel could be addressed. The recusal motion was subsequently denied but only after Judge Emanuel considered the rule to show cause satisfied by the limited response of the Indigent Defender’s Office and that his rule was accordingly in place. We agree with the court of appeal that because of the limited response by the Indigent Defender’s Office, the question of whether Judge Emanuel 12had the inherent authority to dictate to that office policy and procedures with respect to the representation of indigent *984 defendants in that section of court is not now directly at issue. However, retrial of the rule to show cause for purposes of allowing the Indigent Defender’s Office to make a full record of its reasons why Judge Emanuel should not, or may not, enforce his order may obviate the need for any further proceedings in any other court and will, in any event, provide an appellate court with an appropriate vehicle for resolving the issue in its exercise of supervisory authority over the lower courts.
Accordingly, enforcement of Judge Emanuel’s order of December 3, 2003, is hereby stayed and the district court is directed to reopen the rule to show cause for purposes of entertaining the Indigent Defender’s Office and reconsidering the propriety of its own rule.